UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ODRIEL GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; and SCOTT MODESITT, <br><br> Defendants. | CASE NO. C06-0041-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's Modesitt's combined motion to dismiss under Rule 12(b)(6) and motion for summary judgment under Rule 56. (Dkt. No. 12.) Having considered the parties' submissions on the matter and determined that oral argument is unnecessary, the Court hereby rules as follows:

**I.     BACKGROUND & FACTS**

As part of an investigation targeting a drug trafficking organization known as "Los Felipes," the Drug Enforcement Agency ("DEA") identified Hugo Garcia as "a criminal associate of a cell leader whose organization distributed cocaine and methamphetamine in the Seattle area." (Modesitt Aff. 2 (Dkt. No 13).) The DEA intercepted communications in which Hugo Garcia brokered cocaine transactions between Los Felipes and its customers in 2003. (*Id.*)

ORDER – 1

Hugo Garcia is the brother of Plaintiff Odriel Garcia. Puget Sound Energy records obtained via subpoena listed Hugo Garcia as the current subscriber at 4714 S. 272 Street, B-103 in Kent, Washington ("the Kent Apartment"). (*Id.*) DEA agents also confirmed that Hugo Garcia's driver's license and cell phone records showed the same address. (*Id.*) Police surveillance further observed Hugo Garcia's black Navigator vehicle at the Kent Apartment. (*Id.*)

While Plaintiffs concede the truth of the above facts, they note that Hugo Garcia was *no longer* a resident or renter at the time the warrant was executed. Although his name was on the 1999 lease during a time when he lived in the apartment with his brother and the other plaintiffs, he had moved out in early 2000. (Odriel Garcia Decl. 2 (Dkt. No. 18).) His name was not later included in the 2000 and 2003 leases. (*Id.*) He did, however, stop by from time to time on "family occasions" (*id.* at 3) and his name was still on the energy bill (Modesitt Aff. 2).

Defendant Modesitt prepared an affidavit to be used as part of a search warrant application for the Kent Apartment. In the affidavit, Defendant Modesitt stated that Hugo Garcia was a "renter" and resident of the Kent Apartment. (Johnson Decl. (Dkt. No. 12-2) Ex. A at 16 (Application and Aff. for Search Warrant).) This conclusion was based on the utility, phone, and driver's license records listing the Kent Apartment Hugo Garcia's address, and the fact that his vehicle had been recently spotted there by police surveillance. (*Id.*) The affidavit also stated that the Kent Apartment "is a possible stash house for money and drugs" based on Hugo Garcia's trafficking activities. (*Id.*) The application for the warrant was given to United States Magistrate Judge Monica Benton, who approved it on May 1, 2003. (*Id.* at 21.)

DEA Agents executed the warrant on May 2, 2003. (Compl. 3.) Plaintiffs allege that agents kicked in the door of the Kent Apartment and pointed guns at Plaintiffs Odriel and Angelica Garcia, who were then forced to lie on the floor and be handcuffed. (*Id.*) Plaintiffs allege that the agents "made threats against the personal safety of Plaintiffs," and uttered "degrading slurs" regarding their nationality. (*Id.*) Plaintiffs allege that their property was damaged, and that the children at the residence—who are also parties to this action—were frightened and suffered emotional damage as a result of the incident. (*Id.* at

ORDER – 2

3-4.)

Plaintiffs filed this action for claims arising out of the execution of the search warrant. (Compl. 1-2). Plaintiffs asserted state tort claims and claims under 42 U.S.C. § 1983 for violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution. (*Id.* at 3-4.)

## II.     ANALYSIS

Defendant argues that certain claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and that others should be disposed of on summary judgment pursuant to Rule 56. The Court will address each argument in turn.

### A.     Motion to Dismiss under Rule 12(b)(6)

The Court may dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted only if it "appears beyond doubt" that Plaintiffs "can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded allegations of fact in the Complaint and construe them in the light most favorable to Plaintiffs. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). Dismissal is warranted "only if it appears to a certainty that [Plaintiffs] would be entitled to no relief under any state of facts that could be proved." *Id*. Despite the liberal standard, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). However, a motion to dismiss also must be decided in light of Rule 8(a)'s relaxed pleading requirements, under which a plaintiff need only make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Nonconstitutional tort claims against the United States, its agencies, or its officers can only be brought under the Federal Tort Claims Act. *See* 28 U.S.C. § 2679(b)(1). Accordingly, the state tort claims against Defendant Modesitt are hereby DISMISSED.

Plaintiffs concede that any § 1983 claims against Defendant Modesitt should be dismissed and that

ORDER – 3

there is no doctrine under which they can state a valid claim under the Fourteenth Amendment (Pl.'s Opp'n 3 (Dkt. No. 17).) Accordingly, these claims are hereby DISMISSED as well.

### B.  Summary Judgment on Plaintiffs' Fourth Amendment *Bivens* Claim pursuant to Rule 56

Plaintiffs argue that the remaining Fourth Amendment claim must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Pl.'s Opp'n 3-4.) Defendant Modesitt moves for summary judgment on any such *Bivens* claim on the basis of qualified immunity.[1]

Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once

---

[1] Plaintiffs' Complaint does not explicitly allege a *Bivens* claim but rather alleges similar claims under 42 U.S.C. § 1983. Nevertheless, given the liberal pleading standard contained in Rule 8(a), the fact that both parties admit that *Bivens* is the proper analysis for any Fourth Amendment claim, that Plaintiffs have already indicated their intent to ask for leave to amend their Complaint to explicitly include such a claim, and that both parties have fully briefed summary judgment regarding any potential *Bivens* claim against Defendant Modesitt, the Court will reach the merits of the *Bivens* issue as it applies to this Defendant.

ORDER – 4

the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250.

Here, the Plaintiffs allege that Defendant Modesitt's conduct in obtaining the search warrant violates the Fourth Amendment because the search warrant inaccurately stated that Hugo Garcia was a renter and resident of the relevant apartment. (Pl.'s Opp'n 7.) Defendant Modestitt moves for summary judgment on this issue, arguing that he is entitled to qualified immunity even if any mistakes were made with regard to the warrant. (Def.'s Mot. 8-10.)

It is well settled in this Circuit that to survive qualified immunity in cases such as this, "[t]he plaintiff alleging judicial deception must make a substantial showing of deliberate falsehood or reckless disregard for truth *and* establish that, but for the dishonesty, the challenged action would not have occurred." *Hervey v. Estes*, 65 F.3d 784, 788-89 (9th Cir. 1995) (emphasis added, internal quotations and citations omitted). Plaintiffs do not allege deliberate falsehood on the part of Defendant Modesitt in obtaining the search warrant. (Pl.'s Opp'n 6 ("Plaintiffs are not moving to allege dishonesty on the part of Agent Modesitt.").) Rather, Plaintiffs allege that he acted in reckless disregard for the truth. (*Id.*)

Plaintiffs fall far short of making the "substantial showing" of such recklessness required to overcome qualified immunity with respect to the first part of the framework discussed in *Hervey*. Plaintiffs concede that (1) Hugo Garcia was a known and active drug trafficker, (2) that he had previously lived at the Kent Apartment with its current residents who are blood relatives, (3) that his black Navigator vehicle had been spotted there recently even though he no longer lived there, (4) that the Puget Sound Energy records were still in Hugo Garcia's name, and (5) that Hugo Garcia's cell phone and (6) driver's license records listed the Kent Apartment as his address. In light of the numerous factors tying Hugo Garcia to the Kent Apartment, Defendant Modesitt's statements that the Hugo Garcia was a resident or "renter" of the Kent Apartment were not recklessly made. Even if a failure to examine the more recent leases somehow amounted to negligence on Defendant Modesitt's part, such omissions come nowhere near the reckless disregard for the truth required to defeat qualified immunity. *See Franks v.*

ORDER – 5

*Delaware*, 438 U.S. 154, 170 (1978). Accordingly, Defendant is entitled to qualified immunity and his summary judgment motion on that issue is hereby GRANTED.

### III.   CONCLUSION

Defendant Modesitt's motion is hereby GRANTED in full:

1. Plaintiffs' state tort claims and causes of action under 42 U.S.C. § 1983 against Defendant Modesitt are hereby DISMISSED pursuant to Rule 12(b)(6).

2. Summary Judgment is entered in Defendant Modesitt's favor pursuant to Rule 56 regarding the Fourth Amendment claims against him.

SO ORDERED this 6th day of February, 2007.

                                         John C. Coughenour
                                         United States District Judge

ORDER – 6